IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
NEXT ENGINE VENTURES, LLC,                  :     **ECF CASE**
                                            :
        Plaintiff,                          :     Civil Action No. 1:16-cv-05608-LAP
                                            :
    v.                                      :
                                            :
NETWORK SOLUTIONS, LLC,                     :
                                            :
        Defendant.                          :
------------------------------------------------------------------x


**DEFENDANT NETWORK SOLUTIONS, LLC'S
REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**




HARRIS, ST. LAURENT & CHAUDHRY LLP
40 Wall Street, 53rd Floor
New York, NY  10005
Tel.    (703) 956-3566
Fax     (703) 935-0349

*Attorneys for Defendant Network Solutions, LLC*

**TABLE OF CONTENTS**

**Page**

I. NEXTENGINE HAS NOT ESTABLISHED DIVERSITY OF CITIZENSHIP, AND THE FACTS DEMONSTRATE THAT THE PARTIES ARE IN FACT NOT DIVERSE ……………..………………….………..……..……... 1

II. NEXTENGINE HAS NOT ADEQUATELY PLEADED THAT THE AMOUNT IN CONTROVERSY EXCEEDS $75,000 …………………..………...……….. 4

III. COUNT I OF THE COMPLAINT FAILS TO STATE A CLAIM AGAINST NETWORK SOLUTIONS FOR CONVERSION …...…….……………………… 6

IV. COUNT II OF THE COMPLAINT HAS BEEN WITHDRAWN AND THEREFORE SHOULD BE DISMISSED ……………………………………. 10

CONCLUSION ……………………………………………………………………… 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*AD Rendon Commc'ns, Inc. v. Lumina Americas, Inc.*,
  2007 WL 2962591 (S.D.N.Y. Oct. 10, 2007) ………………………………..……......... 5

*Bond v. City of New York*,
  2015 WL 5719706 (E.D.N.Y. Sept. 28, 2015) ……………………………………...…… 1

*Boyce v. Soundview Tech. Group, Inc.*,
  2014 WL 876105 (S.D.N.Y. Apr. 22, 2004) ……………………………………….....….. 10

*Caballero v. Anselma*,
  759 F. Supp. 144 (S.D.N.Y. 1991) ……………………………………….……............ 5

*Carling v. Peters,*
  2013 WL 865822 (S.D.N.Y Feb. 6, 2013) ……..………………………….……............ 1

*Carling v. Peters*,
  2013 WL 865842 (S.D.N.Y. March 8, 2013) ……………...…………………………… 4

*Coalition for ICANN Transparency, Inc. v. Verisign, Inc.*,
  464 F. Supp. 2d (N.D. Cal. 2006) ……………………………….……..…........... 10

*Dorer v. Arel*,
  60 F. Supp. 2d (E.D.V.A. 1999) …………………………………….…….….......... 6

*Figueroa v. Comm'r of Soc. Sec.*,
  2013 WL 3481317 (S.D.N.Y. July 11, 2013) ………………………………………….... 3

*Fraser v. Doubleday & Co., Inc.*,
  587 F. Supp. 1284 (S.D.N.Y. 1984) ……………………….…………………….............. 5

*Hertz Corp. v. Friend*,
  559 U.S. 77 (2010) ……………………………………….......................................... 1

*Lockheed Martin Corp. v. Network Solutions*,
  194 F.3d 980 (9th Cir. 2000) ……………………………………...…………….......... 6

## TABLE OF AUTHORITIES
(Continued)

**Page(s)**

*MWL Brasil Rodas & Eixos LTDA v. K-IV Enter. LLC*,
  661 F. Supp. 2d 419 (S.D.N.Y. 2009) ……………………………………….........……..... 8

*Network Solutions, Inc. v. Umbro Intl., Inc.*,
  194 F.3d 980 (9th Cir. 2000) ……………………………………………………............. 6

*Oneida Sav. Bank v. Uni-Ter Underwriting Mgt. Corp.*,
  2014 WL 4678046 (N.D.N.Y. Sept. 18, 2014) ……………………….....……………...... 4, 5

*Scherer v. Equitable Life Assurance Soc. of US*,
  347 F.3d 394 (2d Cir. 2003) …………………………...…………….……………..…· 6

*Thyroff v. Nationwide Mut. Ins. Co.*,
  8 N.Y.3d 283, 864 N.E.2d 1272 (2007) …………………………………………….…... 7

*Volodarsky v. Moonlight Ambulette Scv., Inc.*,
  122 A.D.3d 619, 996 N.Y.S.2d 121 (2d Dep't 2014) …………………………………............ 7

*Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*,
  116 F.3d 59 (2d Cir. 1999) …………………………………………………………………… 6

*Wornow v. Register.com, Inc.*,
  8 A.D.3d 59, 778 N.Y.S.2d 25 (1st Dep't 2004) ……………………......……………….......... 6

*Zahn v. Int'l Paper Co..*,
  469 F.2d 1033 (2d Cir. 1972) ………………………………………………………………… 4

### Statutes

Fla. Rev. Stat. § 605.0113 ……………………….……………….....…………………………. 3

Defendant Network Solutions, LLC ("Network Solutions") respectfully submits this reply memorandum of law in support of its motion to dismiss the Complaint ("Compl.") of Plaintiff, NextEngine Ventures, LLC ("NextEngine"), with prejudice.

In its opposition to the motion to dismiss [Dkt. No. 18] ("Pl's Opp'n"), NextEngine essentially concedes that it has failed to allege diversity of citizenship; argues that the requisite amount in controversy can be met despite having alleged no facts which would support such a contention; withdraws its conspiracy claim; and argues that New York law governs its claims, despite having alleged no facts supporting this position. But even if New York law is applied, the complaint still fails to state a claim. NextEngine's complaint must therefore be dismissed.

**I.  NEXTENGINE HAS NOT ESTABLISHED DIVERSITY OF CITIZENSHIP, AND THE FACTS DEMONSTRATE THAT THE PARTIES ARE IN FACT NOT DIVERSE**

NextEngine begins its opposition by asserting – without evidentiary proof – that Network Solutions is a citizen of Florida and Delaware, and that NextEngine's sole member, Michael Gleissner ("Mr. Gleissner"), "is domiciled in New York, New York." (Pl's Opp'n, at 1). Such an unsupported claim is not just impermissible. It also is provably false.

"The party asserting subject matter jurisdiction bears the burden of proving that it exists." *Carling v. Peters*, 2013 WL 865822, at *4 (S.D.N.Y Feb. 6, 2013). "When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010). Further, in considering a motion to dismiss, a Court must consider only sworn statements and the allegations in the complaint, and should disregard unsworn statements of counsel in a memorandum of law. *See Bond v. City of New York*, 2015 WL 5719706, at *5 (E.D.N.Y. Sept. 28, 2015). Because NextEngine has not alleged diversity of citizenship in its complaint; has not sought leave to amend its complaint to properly allege

diversity of citizenship; and has provided no proof supporting the contention in its opposition, the matter may end there. The complaint must be dismissed.

Moreover, NextEngine should not be granted leave to amend to correct this shortcoming, because (1) there is proof <u>in the record</u> that its new allegation that Mr. Gleissner resides in New York is false, and (2) because it appears that Mr. Gleissner is, in fact, a domiciliary of Florida, thereby defeating diversity. Appended to the Complaint in this case is an "Attorney's Verification," in which NextEngine's counsel states, under penalty of perjury, that "all of Plaintiff's officers and duly appointed representatives reside in counties other than the one in which I maintain my office." (Pl's Opp'n, at 18). This affirmation indicates that it is signed in New York City. Plaintiff's counsel's office is likewise located in New York City. Yet now, faced with a motion to dismiss, NextEngine states – without evidentiary support – that Mr. Gleissner, its sole member, resides and is domiciled in New York City. Either the Attorneys' Affirmation is false, or the statement in the Opposition as to Mr. Gleissner's domicile is false. The two statements cannot be reconciled.

In fact, while Mr. Gleissner purports to maintain a business office in New York (at the same mailing address as his counsel), he resides in Florida – where, according to NextEngine, Network Solutions is also a citizen. For instance, less than a year ago, Mr. Gleissner filed an action in New York state court, which was thereafter removed to this Court. *See Gleissner v. Air China Airlines Ltd.*, Case No. 1:15-cv-9162-ER. In his complaint in that action, Mr. Gleissner alleged that he merely has a business office in New York, and that his family members reside in Florida. *See Exhibit 1*, attached hereto.

Furthermore, Mr. Gleissner controls a number of entities which are formed in Florida, and whose filings with the Florida Secretary of State identify him as the entities' registered agent in

2

Florida, with a Florida address. For instance, according to the records of the Florida Secretary of State, Fashion One LLC is a Florida limited liability company having its principal office address at the New York office of NextEngine's counsel in this case. (Declaration of Timothy Hyland ("Hyland Decl.") ¶ 6, Ex. B, attached hereto as Exhibit 2). However, it lists a mailing address in Hollywood, Florida, and indicates that its registered agent is Mr. Gleissner, having an address at 1455 Ocean Drive, Unit 602, Miami Beach, FL 33139. *Id*.

In addition, according to the records of the Florida Secretary of State, Bigfoot Business Park LLC, is a Florida limited liability company having its principal office address in Hollywood, Florida, and indicates that its registered agent is Mr. Gleissner, having an address in Hollywood Florida. (Hyland Decl. ¶ 6, Ex. C.)

Further, according to the records of the Florida Secretary of State, the Gleissner Family Trust LLC is a Florida limited liability company having its principal office address at the New York office of NextEngine's counsel in this case. (Hyland Decl. ¶ 6, Ex. D.) However, it indicates that its registered agent is Mr. Gleissner, having an address at 1455 Ocean Drive, Unit 602, Miami Beach, FL 33139. *Id*. There are many more entities following the same pattern, which have Mr. Gleissner as registered agent at his Miami Beach, Florida residence.[1]

The Florida Revised Limited Liability Company Act requires that an individual serving as registered agent for a Florida limited liability company must be "[a]n individual who resides in this state ...." Fla. Rev. Stat. § 605.0113. Thus, Mr. Gleissner has represented, at least to the State of Florida, that he is a Florida resident. Moreover, the address he claims in New York is the same

---

[1] Some other similar entities include Kozo LLC (Hyland Decl. ¶ 6, Ex. E); Japanesepod Learning LLC (Hyland Decl. ¶ 6, Ex. F); CVF Holdings LLC (Hyland Decl. ¶ 6, Ex. G); Bigfoot Ventures LLC (Hyland Decl. ¶ 6, Ex. H); Trademarkers LLC (Hyland Decl. ¶ 6, Ex. I); Fashion One (Latin America) LLC (Hyland Decl. ¶ 6, Ex. J); and Talency LLC (Hyland Decl. ¶ 6, Ex. K).

3

address as the law firm representing him in this case. Simply put, the Complaint is devoid of allegations establishing diversity of citizenship, and NextEngine has failed to meet its burden of persuasion that diversity exists; indeed, the overwhelming weight of the evidence reveals that its purported sole member is domiciled in Florida.[2] Because Network Solutions is also citizen of Florida, there is no diversity of citizenship.

## II. NEXTENGINE HAS NOT ADEQUATELY PLEADED THAT THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

NextEngine next argues that it has met the $75,000 threshold for diversity jurisdiction because punitive damages are permitted to meet the threshold amount-in-controversy for diversity jurisdiction, and because, it now claims, the value of its claim alleged in the complaint is unreliable, because domain name valuations are "fickle." (Pl's Opp'n , at 4).

NextEngine correctly notes that it must appear to a legal certainty that the claim is for less than the jurisdictional amount to justify a dismissal. And it correctly notes that punitive damages may be included when measuring the jurisdictional amount. However, it ignores that in this context, the factual allegations supporting a claim for punitive damages are examined with even "closer scrutiny" than a claim for compensatory damages. *See Zahn v. Int'l Paper Co.,* 469 F.2d 1033, 1034 n.1 (2d Cir. 1972); *Carling v. Peters*, 2013 WL 865842, at *6 (S.D.N.Y. Mar. 8, 2013).

To survive a motion to dismiss a claim for punitive damages, a plaintiff must do more than allege the threadbare conclusion that the defendant's alleged conduct was willful, malicious and with intentional disregard for the rights of the plaintiff. *See Oneida Sav. Bank v. Uni-Ter Underwriting Mgt. Corp.*, 2014 WL 4678046, at *19 (N.D.N.Y. Sept. 18, 2014) (plaintiff must allege "facts" to show "high moral culpability or a gross, wanton, or willful [misconduct]"). In its

---

[2] It bears noting that NextEngine itself is located in Florida, despite statements to the contrary in the Complaint. (Hyland Decl. ¶ 7, Ex. L).

Opposition (Pl's Opp'n, at 3), NextEngine's speculates as to Network Solutions' defenses to the alleged conduct and suggests that they are wanting, but that does not show actual malice. NextEngine does not assert in its Opposition, much less allege facts to show in its Complaint, that Network Solutions acted with full knowledge of NextEngine's rights and with the intent to interefere with those rights or that Network Solutions possessed "evil motives." *Caballero v. Anselmo*, 759 F. Supp. 144, 147 (S.D.N.Y. 1991) (stating the requirements for punitive damages for a conversion claim). At best, NextEngine can state that it does not know why Nextwork Solutions transferred the domain name, and that is plainly insufficient to demonstrate an entitlement to punitive damages.

In any event, the Complaint itself contains no allegations of fact whatsoever that would support a claim for punitive damages. In the absence of such allegations, the claim for punitive damages must be dismissed. *See Oneida Sav. Bank.,* 2014 WL 4678046, at *19; *AD Rendon Commc'ns, Inc. v. Lumina Americas, Inc.*, 2007 WL 2962591, at *8 (S.D.N.Y. Oct. 10, 2007) (dismissing punitive damages request with respect to a conversion claim); *Fraser v. Doubleday & Co., Inc.*, 587 F. Supp. 1284, 1288 (S.D.N.Y. 1984) (dismissing punitive damages claim because "we find no support in the record for a claim that defendant's alleged conversion was accomplished with malice or reckless disregard of plaintiffs' rights as would be required to justify punitive damages."). With the dismissal of this claim, the amount in controversy is far less than $75,000.

Faced with the loss of its punitive damages claims, NextEngine next argues that it was potentially wrong when it alleged that the value of the domain name it alleges was converted was $28,000. It cites no authority for the unique proposition that a plaintiff can satisfy the amount-in-controversy requirement by stating that its damages are less than $75,000, then, faced with a motion to dismiss, reverse course and assert that the jurisdictional threshold is met because it might

5

learn that the damages are greater than those pleaded in the Complaint. Indeed, as a matter of law this contention is incorrect. There is "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Scherer v. Equitable Life Assurance Soc. of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (quoting *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 116 F.3d 59, 63 (2d Cir. 1999)). NextEngine has provided nothing, aside from speculation as to "fickle" valuations, to rebut its own allegations. Therefore, the amount in controversy threshold has not been met, and this case must be dismissed.

### III. COUNT I OF THE COMPLAINT FAILS TO STATE A CLAIM AGAINST NETWORK SOLUTIONS FOR CONVERSION

NextEngine next concedes that under Virginia law, its conversion claim would fail as a matter of law. (Pl's Opp'n, at 5). However, it contends that New York law applies here. It does not. But even if New York law is applied, New York law is clear, like Virginia's, that a domain name cannot be the subject of a conversion claim. *See Wornow v. Register.com, Inc.*, 8 A.D.3d 59, 60, 778 N.Y.S.2d 25 (1st Dep't 2004) (citing *Network Solutions, Inc. v Umbro Intl., Inc.*, 259 Va. 759, 770, 529 S.E.2d 80, 86 (2000); *Dorer v. Arel*, 60 F. Supp. 2d, 558, 561 (E.D. Va. 1999); *Lockheed Martin Corp. v. Network Solutions*, 194 F.3d 980, 984-85 (9th Cir. 2000)) ("We are in accord with authorities holding that a domain name that is not trademarked or patented is not personal property, but rather a contract right that cannot exist separate and apart from the services performed by a registrar such as defendant.").

The New York cases relied upon by NextEngine are inapposite. In seeking to apply subsequent New York cases regarding conversion of limited types of data, NextEngine both misreads them and, more to the point, misunderstands what a domain name is. Specifically, New York law provides, as NextEngine correctly states, that "electronic documents stored on a computer may be the subject of a conversion claim just as printed versions of the

6

documents may. *Volodarsky v. Moonlight Ambulette Svc., Inc.*, 122 A.D.3d 619, 620, 996 N.Y.S.2d 121, 122 (2d Dep't 2014); *Thyroff v. Nationwide Mut. Ins. Co.*, 8 N.Y.3d 283, 292-93, 864 N.E.2d 1272, 1278 (2007) ("the type of data that Nationwide allegedly took possession of—electronic records that were stored on a computer and were indistinguishable from printed documents—is subject to a claim of conversion in New York."). Thus, the electronic version of a customer list might be the subject of a conversion claim. But a domain name is not an electronic document and is entirely distinguishable from a written document. And in any event, the domain name here never was "stored" on NextEngine's computer, in New York or elsewhere.

Virginia law clearly applies here, as it is the situs of what NextEngine contends was converted. While NextEngine blithely contends that Virginia has no interest in the matter, this is an absurd proposition. Virginia is home to the operator of the .com registry, and thus houses the database and server apparatus that allows domain names to resolve to associated websites, and email to traffic to the proper location. Its facilities and corporate citizens keep a large portion of the internet operating. Its interest is enormous. And while NextEngine casts it as absurd, the fact that many domain names are thus subject to Virginia law is a positive fact, in that under such an approach, all domain names within the .com top-level domain are treated, from a legal perspective, identically.

NextEngine claims that New York law must apply because, it claims, NextEngine is organized under New York law, and based in Manhattan. (Pl's Opp'n, at 6). This assertion alone is curious, as while it is beyond question that NextEngine is organized under New York law, its base of operations is far from established. It lists its counsel's office as its business office. But its counsel, in this case, has asserted that none of the principals reside in New York, New York. (Compl., at 18). Its purported sole member seems to reside in Florida, and has so represented his

7

residency to the Florida Secretary of State. *See* Section I, above. And, in its filings in an arbitration proceeding in *Haru Holding Corp. v. Gleissner*, Forum Arb. Case No. FA1607001685263, just over a month ago, after the Complaint in this case was filed, Mr. Gleissner and NextEngine defended a trademark infringement claim by claiming as follows:

> Respondent did not register and is not using the <sushiatharu.com> domain name in bad faith. Respondent was unaware of Complainant's trademark at the time it registered the disputed domain [name]. Respondent is a citizen of Hong Kong and was unaware of Complainant's six restaurants in the Northeast region of the United States (in Boston and New York).

(Hyland Decl. ¶ 7, Ex. A). Thus, when it suits them, Mr. Gleissner and NextEngine claim domicile in New York. When it is inconvenient to their position, they protest that New York is a completely foreign place to them.

But NextEngine's location ultimately is beside the point. New York choice of law dictates are clear: in conversion claims, the law of the state where the property is being withheld – not the law of the state from which the property was removed – is applied. *See MWL Brasil Rodas & Eixos LTDA v. K-IV Enter. LLC*, 661 F. Supp. 2d 419, 428 (S.D.N.Y. 2009) (applying New Jersey law, because "the conversion took place in New Jersey, where [defendant] is allegedly wrongfully withholding the funds that belong to [Plaintiff].").

NextEngine provides no allegations or information that would suggest that Network Solutions is holding its domain name in New York. In fact, it is held (to the extent a pointer in a database can be "held") with the .com registry, in Virginia.[3] And, because it is the situs of the domain name that determines the applicable law, Virginia law – where the .com registry is located – applies. NextEngine does not, and cannot, suggest an alternative, relevant approach.

To fully appreciate the futility of NextEngine's position, it is important to understand what a domain name is, and what it is not. A good description is as follows:

> Every computer connected to the Internet has a unique Internet Protocol ("IP") address. IP addresses are long strings of numbers, such as 64.233.161.147. The Internet DNS provides an alphanumeric shorthand for IP addresses. The hierarchy of each domain name is divided by periods. Thus, reading a domain name from right to left, the portion of the domain name to the right of the first period is the top-level domain ("TLD"). TLDs include .com, .gov, .net., and .biz. Each TLD is divided into second-level domains identified by the designation to the left of the first period, such as "example" in "example.com" or "example.net." SLDs can be further divided in third-level domains, such as "another" in "another.example.com" and so on. Each domain name is unique and thus can only be registered to one entity . . .
>
> A domain name is created when it is registered with the appropriate registry operator. A registry operator maintains the definitive database, or registry, that associates the registered domain names with the proper IP numbers for the respective domain name servers. The domain name servers direct Internet queries to the related web resources. A registrant can register a domain name only through companies that serve as registrars for second level domain names. Registrars accept registrations for new or expiring domain names, connect to the appropriate registry operator's TLD servers to determine whether the name is available, and register available

---

[3] NextEngine also deems "specious" Network Solutions' assertion that Verisign, the operator of the .com registry, is located in Virginia. (Pl's Opp'n , at 5.) NextEngine offers nothing to rebut what it believes to be specious, and offers no authorities, evidence or other information to the contrary. Nor can it. If Network Solutions' statement is indeed specious, then a vast number of federal court decisions, all of which correctly find that Verisign (and thus all .com domain names) is located in Virginia, are wrong. A small sampling of the cases was provided in ECF No. 10, at 8-9.

9

> domain names on behalf of registrants. As such, registrars necessarily need access to the registry maintained by the registry operators. When a domain name is expiring (and not renewed by the current registrant), the registry operator notifies the registrars. To register an expired domain name, registrars send "add" commands to the registry database. An "add" command is accepted (thereby registering the name) only if the name is available….

*Coalition for ICANN Transparency, Inc. v. Verisign, Inc.*, 464 F. Supp. 2d 948, 951-52 (N.D. Cal. 2006), *rev'd on other grounds*, 567 F.3d 1084 (9th Cir. 2009). Simply put, a domain name is nothing more than a database entry, located at the registry (Verisign, for .com domain names), that associates a registered domain name with an IP number for the appropriate domain name servers. It is not a document; indeed, it is nothing like a document, printed or otherwise. It is at most a "pointer," directing Internet traffic to the appropriate servers. That pointer, again, resides at the registry, in Virginia.

Therefore, under New York law, a domain name is not property, intangible or otherwise, which may be the subject of a conversion claim. Further, the sole New York State Court to consider the issue held that a domain name may not be converted. But here, the "property" is being "held" in Virginia, so Virginia law applies. And Virginia law, in turn, dictates that a domain name cannot be the subject of a conversion claim. NextEngine's conversion claim therefore fails, regardless of the state law applied.

### IV. COUNT II OF THE COMPLAINT HAS BEEN WITHDRAWN AND THEREFORE SHOULD BE DISMISSED

In its Opposition, NextEngine "withdraws its claim for conspiracy to commit conversion as against all Defendants." (ECF No. 18, at 4). Therefore, Count II of the Complaint should be dismissed. *See Boyce v. Soundview Tech. Group, Inc.*, 2004 WL 876105, at *1 (S.D.N.Y. Apr. 22, 2004) (dismissing claims voluntarily withdrawn).

**CONCLUSION**

NextEngine's Complaint fails to demonstrate diversity of citizenship of the parties, nor can it adequately establish that the amount in controversy exceeds $75,000. Thus, the Complaint must be dismissed for lack of subject matter jurisdiction. But even if the Court were to have subject matter jurisdiction, applicable law clearly provides that there is no viable claim for conversion against Network Solutions. Therefore, the Complaint fails to state a claim upon which relief may be granted, and it should be dismissed.

Dated: October 5, 2016              HARRIS, ST. LAURENT & CHAUDHRY LLP
       New York, New York

                                    By:    /s/  Timothy B. Hyland
                                           Timothy B. Hyland
                                           L. Reid Skibell

                                           40 Wall Street, 53rd Floor
                                           New York, NY  10005
                                           Tel.    (703) 956-3566
                                           Fax     (703) 935-0349
                                           Email  thyland@sc-harris.com
                                                    rskibell@sc-harris.com

                                    *Attorneys for Network Solutions, LLC*

TO:    Roman A. Popov, Esquire
       MORTON & ASSOCIATES LLLP
       246 West Broadway, 4th Floor
       New York, NY  10013

11