UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

NEXTENGINE VENTURES, LLC,                  :

             Plaintiff,         :        16 Civ. 5608 (LAP)

                       :

   -against-                               :        <u>Order</u>

                       :

NETWORK SOLUTIONS, LLC,                     :

             Defendant.      :

------------------------------------x

LORETTA A. PRESKA, United States District Judge:

Plaintiff NextEngine Ventures, LLC, ("NextEngine") brings this action against Defendant Network Solutions, LLC, ("Network Solutions") alleging common law conversion.  Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), Defendant has moved to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim.  (Mot. Dismiss, Sept. 13, 2016, ECF No. 9).  Because failure of subject matter jurisdiction moots all other issues in an action, the Court begins with Defendant's argument that the Court lacks diversity jurisdiction to hear this case.

NextEngine alleges in the Complaint that it purchased the rights to the domain name "quentin.com" from an individual named Claudia Quentin for $9,990 on March 21, 2016.  (Compl. ¶ 9). Thereafter, NextEngine became the registrant of record of the domain name using "godaddy.com" as its registrar.  (<u>Id.</u> ¶ 10).

1

On May 30, 2016, godaddy.com unlocked the domain name, and the registration was transferred back to Ms. Quentin with Defendant Network Solutions as the registrar.  (Id. ¶¶ 13, 14).  The Complaint alleges that the transfer was initiated by Network Solutions and that, by doing so, Network Solutions interfered with NextEngine's "lawful dominion and control over" the domain name.  (Id. ¶¶ 18, 21).

In order for a court to assert diversity jurisdiction, a plaintiff must allege that the case "is between . . . citizens of different states."  28 U.S.C. § 1332(a)(1).  For the purposes of diversity jurisdiction, "[a] limited liability company takes the citizenship of its members."  Avant Capital Partners, LLC v. W108 Development LLC,, 2016 WL 3660756, at *1 (S.D.N.Y. June 30, 2016).  A complaint that fails to aver the citizenship of the relevant parties does not properly assert diversity jurisdiction, but the defect can be cured through amendment of the complaint.  See Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc., 87 F.3d 44, 47 (2d Cir. 1996).

In the Complaint, NextEngine alleges the states of organization for each of the limited liability companies named as parties, and the location of each party's principal place of business, but provides no information as to the members of each limited liability company.  Plaintiff contends in its opposition that "NextEngine's sole member is Michael Gleissner" and that

"Mr. Gleissner is domiciled in New York, New York," thereby establishing that NextEngine is a citizen of New York.  (Opp. 1, Sept. 30, 2016, ECF No. 18).  However, it is inappropriate for the Court to consider the unsworn statements of counsel in a memorandum of law, including the opposition to a motion to dismiss.  See Bond v. City of New York, 2015 WL 5719706, at *5 (E.D.N.Y. Sept. 28, 2015).  Accordingly, the Court finds that the Complaint has failed adequately to allege that the parties have complete diversity of citizenship.[1]

Further, diversity jurisdiction requires that the amount-in-controversy exceed $75,000.  See 28 U.S.C. § 1332(a).  While courts "customarily interpret a plaintiff's allegations of damages as sufficient to satisfy the amount-in-controversy requirement, [they] do not do so when it is a legal certainty that the plaintiff cannot recover the damages he seeks."  Nwanza v. Time, Inc., 125 Fed. Appx. 346, 348 (2d Cir. 2005)(internal

---

[1] The Court notes that the Defendant has raised both a facial challenge to the basis of diversity jurisdiction in the motion to dismiss and a factual challenge on reply, where, based on documents the Court could take judicial notice of and documents attached to the Declaration of Timothy B. Hyland Esq., executed October 5, 2016 [ECF dkt. no. 16-2], Defendant argues that Mr. Gleissner is, in fact, a citizen of Florida and that diversity of citizenship is thereby destroyed.  (See Mot. Dismiss at 4-5; reply at 1-4; Guadagno v. Wallack Ader Levithan Assoc., 932 F.Supp. 94, 95 (S.D.N.Y. 1996)(distinguishing between facial and factual challenges under 12(b)(1))).  Since a factual challenge allows the Court to consider evidence extrinsic to the Complaint, the Court considers the documents submitted on Defendant's reply.

quotation omitted).  Courts must examine the use of a claim for punitive damages to exceed that amount-in-controversy threshold with "heightened scrutiny."  Id. at 349.  Under New York law, punitive damages "may be recovered for an act of conversion where the circumstances establish that the conversion was accomplished by malice or reckless or willful disregard of the plaintiff's right."  Kubin v. Miller, 801 F. Supp. 1101, 1122 (S.D.N.Y. 1992).

Here, the Complaint alleges damages of $9,990.00 for the purchase price of the domain name at issue, $28,000.00 for the appraised value of the domain name at the time of the alleged conversion, and $100,000.00 for punitive damages.  (Compl. ¶¶ 9, 12, iv).  Plaintiff must therefore adequately allege punitive damages in order to exceed the amount-in-controversy threshold of $75,000.  However, the Complaint alleges only that the Defendant unlawfully transferred the domain name from the Plaintiff to a third-party.  (Compl. ¶ 21).  Plaintiff further argues in opposition that Network Solutions acted with malice and reckless disregard for the Plaintiff's legal rights because "Defendant never investigated the claim, never discussed the claim with Plaintiff and simply initiated the transfer back to its own servers."  (Opp. at 3).

The Court finds this reasoning wholly inadequate. Plaintiff merely alleges that Network Solutions is the registrar

4

of the domain name that Plaintiff alleges should be registered with a different owner.  Even taking such allegations as true, Plaintiff has alleged no fact in the Complaint that Defendant acted maliciously or recklessly with respect to Plaintiff's legal rights.  Since no reasonable fact finder could justify awarding punitive damages to the Plaintiff on the basis of the facts alleged in the Complaint, it is a "legal certainty" that Plaintiff is not entitled to punitive damages.  The amount-in-controversy is therefore less than $75,000.  Accordingly, the Court lacks subject matter jurisdiction.

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  28 U.S.C. § 1653 (2012).  Accordingly, the Court will permit Plaintiff to replead, with caution about perjury.

CONCLUSION

The Defendant's motion to dismiss (dkt. no. 9) is granted without prejudice for failure adequately to allege diversity of citizenship and amount in controversy.  Plaintiff may replead within thirty days of the date hereof.

SO ORDERED.

Dated:     New York, New York
           February 8, 2017

_Loretta A. Preska_
LORETTA A. PRESKA
United States District Judge